**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COMPARTMENT IT2, LP; et al.,<br><br>　　　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>FIR TREE, INC., DBA Fir Tree Partners; et al.,<br><br>　　　　　　Defendants-Appellees. | No.　18-15753<br><br>D.C. No.<br>2:17-cv-01035-MMD-VCF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted July 12, 2019
Portland, Oregon

Before: TASHIMA, GRABER, and OWENS, Circuit Judges.

The IT Funds appeal from the Rule 12(b)(6) dismissal of their Nevada-law stockholder claims against the former majority shareholder—Fir Tree, Inc.—and individual directors of CIG Wireless, Inc. (CIGW). The district court dismissed the IT Funds' claims because they failed to either (1) state direct stockholder claims or (2) comply with Federal Rule of Civil Procedure 23, which is a

---

　　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

prerequisite for bringing a derivative claim. The IT Funds contend that the district court erred because their complaint stated two direct stockholder claims alleging unlawful equity expropriation and challenging the validity of CIGW's cash-out merger. We affirm.

The IT Funds failed to state a "dual" direct and derivative claim of equity expropriation. *Parametric Sound Corp. v. Eighth Jud. Dist. Ct.*, 401 P.3d 1100, 1109 (Nev. 2017) (citing *Gentile v. Rossette*, 906 A.2d 91, 99–100 (Del. 2006)). Equity expropriation claims are "a species of corporate overpayment claim[s]" that arise when a controlling shareholder "causes the corporation to issue 'excessive' shares of its stock in exchange for assets of the controlling stockholder that have a lesser value." *Gentile*, 906 A.2d at 99–100. The IT Funds failed to allege that CIGW issued excessive shares of its stock to Fir Tree in exchange for lower-valued assets. The IT Funds pled only that Fir Tree obtained additional grants of preferred stock without providing further financing to CIGW. However, the IT Funds did not allege that these grants constituted an overpayment or that CIGW was owed any "further financing" for the issuance of these shares. The IT Funds' complaint acknowledged that these grants of shares were made in lieu of cash dividends and triggered by Fir Tree's contractual anti-dilution protections.

The IT Funds also failed to state a direct claim challenging CIGW's cash-out merger. To challenge the validity of a merger directly, a shareholder must plead

"wrongful conduct that goes to the approval of the merger," *Parametric*, 401 P.3d at 1106 (citation omitted), which causes "harm that is not dependent on any injury to the corporation," *id.* at 1108. Here, the IT Funds do not allege that they suffered harm independent of the corporation's. Rather, the IT Funds identified the harm as the abandonment of "any effort to build CIGW's value," arguing that the value of CIGW—and, incidentally, the common stock—might have increased but for the merger. Accordingly, the IT Funds failed to plead that the merger caused them independent harm.

    **AFFIRMED.**